IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-HC-2007-FL

| | |
|---|---|
| ROMAN DALACIO PERDONO, ) | |
| ) | |
| Petitioner, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| DEPARTMENT OF PUBLIC SAFETY, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a state inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts.

Petitioner previously filed a § 2254 petition in this court challenging the same North Carolina judgment of conviction, which the court dismissed as untimely. See Perdono v. Taylor, No. 5:12-HC-2304-FL (E.D.N.C. Feb. 25, 2014) (ECF No. 12). A dismissal on statute of limitations grounds is a judgment on the merits that renders subsequent petitions second or successive. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 228 (1995); see also McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Before petitioner can file a successive § 2254 petition challenging the same judgment, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). In the absence of authorization from the court of appeals, the court lacks jurisdiction to consider a second or successive § 2254 petition. See United States v. Winestock, 340 F.3d 200, 204–05 (4th Cir. 2003).

Based on the foregoing, the petition is DISMISSED without prejudice for lack of

jurisdiction.  A certificate of appealability is DENIED.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 23rd day of August, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge